COMMONWEALTH vs. KENNETH WATERS. August 12, 1987. *Practice, Criminal,* Retroactivity of judicial holding.

On April 23, 1987, this court issued an opinion in the case of *Commonwealth* v. *Waters,* 399 Mass. 708 (1987). After the release of this opinion,

the defendant petitioned this court for a rehearing. The court denied the petition. The defendant argued that relief for him is required under *Griffith* v. *Kentucky*, (479 U.S. 314 [1987]), which was decided after this case was argued before this court. He correctly observed that his prior appeal was pending on direct appeal when *Commonwealth* v. *Allen*, 395 Mass. 448 (1985), was decided, and argues that he is therefore entitled to the benefit of the new rule established in *Allen. Id.*, at 456. We have considered memoranda of the parties as to the effect of *Griffith*, and we disagree with the defendant's argument. *Griffith, supra* at 328, states that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past." From our reading of *Griffith*, we conclude that this holding is ancillary to the constitutional rule of *Batson* v. *Kentucky*, 476 U.S. 79 (1986), and is not based on equal protection or due process grounds. Accordingly, *Griffith* does not require this court to give retroactive application to rules that are not based on the Federal Constitution. We have further considered whether the *Griffith* principle has force by analogy, because all new rules raise the concern of treating otherwise similarly situated defendants (on direct appeal) even-handedly. Our analysis of retroactivity includes consideration of the fairness of denying defendants the benefit of a new rule: whether the new rule goes to the heart of the truth-finding function, raising doubts about the accuracy of guilty verdicts in past cases. Moreover, the defendant in *Allen* did not receive a new trial based on the rule announced in that case; hence, the defendant in this case cannot argue on that ground that he has received unequal treatment. Accordingly, we denied the defendant's petition for a rehearing.

*Harvey R. Peters* for the defendant.

*James W. Sahakian*, Assistant District Attorney, for the Commonwealth.